UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| ISRAEL EUGENE GILLETTE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 2:11-CV-86 |
| | ) | |
| TOWN OF JONESBOROUGH, | ) | |
| JONESBOROUGH PUBLIC SAFETY, | ) | |
| AND SGT. FREDDIE SERGENT, | ) | |
|     Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This pro se matter raising claims under 42 U.S.C. § 1983 and state law is before the Court on the motion for summary judgment/motion to dismiss filed by defendant Sgt. Freddie Sergent ("Sergent"), in his individual capacity, [Doc. 13], and the motion to dismiss, or in the alternative, for summary judgment on behalf of the Town of Jonesborough, [Doc. 16]. Plaintiff has not responded to the motions and the time for response has long since passed. For the reasons which follow, the motions will be GRANTED.

I. The Complaint's Allegations

Plaintiff alleges that "on the 25th of March 2010 [Jonesborough Tennessee Police] wrongfully charge[d him] with criminal offenses/malicious prosecution." Plaintiff also appears to assert a state law claim for libel. He seeks actual damages "resulting from Malicious Prosecution" of $30,000.00 and punitive damages "resulting from Malicious Prosecution and libel" of $3,000,000.00. The facts are stated in a single, handwritten paragraph of the complaint:

> The Jonesborough Public Safety Department, a subsidiary of the town of Jonesborough, and it's officers did at direction of Sgt. Freddie Sergent subvert the constitutional rights and civil liberties of Israel Eugene Gillette (through False criminal charges) on March 25th 2010. This incident demonstrated malicious

1

> prosecution by the defendants of the plaintiff. In addition, Sgt. Freddie Sergent made a Fallacious* report to the Johnson city Press newspaper while engaged in his job with Jonesborough Public Safety. *This is libel

[Doc. 1].

## II. Standard of Review

### 1. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that a pleading should be "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [his] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach. First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Id.* at 678. Second, the court should

---

[1] *Conley v. Gibson* was abrogated by the Supreme Court's *Twombly* discussion. The statement for which *Conley* is cited, however, remains good law.

2

evaluate the remaining portions of the complaint, *i.e.* the well-pleaded facts, and ascertain whether it gives rise to a "plausible claim for relief." *Id*. at 679. At the second stage, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

### 2. Rule 56

Summary judgment is appropriate when "there is no genuine issue of material fact." *Fed.R.Civ.P.* 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because she is the litigant opposing summary judgment. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*,

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions,

3

>      not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

*Id*. at 871.

### III. Undisputed Facts

Defendants have filed statements of undisputed material facts along with each motion. As noted above, the plaintiff did not respond to the motions or provide any pleading showing a genuine issue of material fact. The plaintiff may not simply rest on the mere allegations of his complaint but must set forth, by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). The following facts, therefore, are undisputed.

Plaintiff was arrested on March 25, 2010, and charged with aggravated assault, resisting halt and disorderly conduct. On September 21, 2011, the criminal case against plaintiff was remanded from the Washington County Criminal Court to the Washington County General Sessions Court "for misdemeanor plea." On that same day, apparently as the result of a plea agreement, plaintiff pled guilty to the disorderly conduct charge in violation of Tennessee Code Annotated § 39-17-305 and the other two charges were dismissed. Plaintiff was fined ten dollars ($10) and sentenced to thirty (30) days in the Washington County Jail suspended on condition of good behavior with unsupervised probation for thirty (30) days.

### IV. Analysis

Sergent's motion asserts, pursuant to Rule 12(b)(6) and/or Rule 56, that plaintiff has failed to state a claim of libel under state law and is entitled to qualified immunity under both federal and state common law. The Town of Jonesborough makes two claims: (1) that the Jonesborough Public Safety Department is not a suable entity and that the only proper entity

4

defendant is the Town of Jonesborough; and (2) the complaint contains no allegations as to the Town of Jonesborough and, even if the Town of Jonesborough is a proper defendant, no underlying constitutional violation occurred such that municipal liability could be established against Jonesborough, a governmental entity, under 42 U.S.C. § 1983.

### A. Qualified Immunity

"Under the Doctrine of Qualified Immunity, 'government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would know.'" *Hager v. Pike County Board of Education*, 286 F.3d 366, 371 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether qualified immunity shields a defendant involves a two part inquiry: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Until recently, the two step inquiry of *Saucier* was made in sequential order with the court to first determine wither the alleged conduct violated a constitutional right and, if so, whether the right was clearly established. In *Pearson v. Callahan*, however, the Supreme Court held that the two step sequence of *Saucier* is "often appropriate [but] it should no longer be regarded as mandatory." 555 U.S. 223, 236 (2009). In applying *Pearson*, the Sixth Circuit has stated that although courts are "still required to address the same questions in conducting [the] qualified immunity analysis, [they are now] free to consider those questions in whatever order is appropriate in light of the issues before [them]." *Moldowan v. City of Warren*, 573 F.3d 309, 333 (6th Cir. 2009).

Qualified immunity is also available to individual defendants under state law. "Tennessee law provides qualified or good faith immunity of government employees for state law torts." *Willis v. Neal*, 247 Fed. App'x 738 (6th Cir. 2007) (citing *Rogers v. Gooding*, 84 Fed. App'x 473, 477 (6th Cir. 2003)).

So far as the Court can tell, plaintiff attempts to state claims for malicious prosecution and false arrest under 42 U.S.C. § 1983 and under Tennessee state law. In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit set out the elements of a Fourth Amendment malicious prosecution claim:

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution . . . Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id.* at 308-09 (footnote and citations omitted).

The elements of the tort of false imprisonment/false arrest under Tennessee law are: (1) the detention or restraint of one against his will, and (2) the unlawfulness of such detention or restraint. *See* T.P.I. § 8.10 (citing *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656 (Tenn. 1990), *Newsom v. Thalhimer Brothers, In*c., 901 S.W.2d 365 (Tenn. App. 1994)). To state a claim for malicious prosecution under state law, the plaintiff must plead and prove the following elements: (1) that defendant instituted a prior suit or judicial proceeding without probable cause; (2) that the defendant brought the action with malice; and (3) the action was

6

finally terminated in plaintiff's favor.  *Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 247 (Tenn. 1992).

These claims fail for several reasons.  First under the *Heck* doctrine, derived from *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a claim alleging an unconstitutional conviction or imprisonment under § 1983 is not cognizable unless the plaintiff can prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a *habeas corpus*." *Id* at 487.  Since a ruling in plaintiff's favor here "would necessarily imply the invalidity of his conviction or sentence," his complaint must be dismissed. *Id*.  In addition, the Sixth Circuit has also recognized that a guilty plea has a *res judicata* effect for plaintiffs seeking damages under these circumstances.  *Marti v. Girad*, 215 F.3d 1327 (6th Cir. 2000) (unpublished opinion).

It makes no difference that plaintiff's guilty plea, as appears to be the case here, was a *nolo contendere* plea.  *See Walker v. Shaffer*, 854 F.2d 138, 142-43 (6th Cir. 1988) (*nolo contendere* pleas estopped plaintiffs from asserting lack of probable cause in their suit claiming false arrest and imprisonment).  Finally, plaintiff's conviction conclusively establishes the existence of probable cause and that the criminal charges did not terminate in plaintiff's favor. Not only has plaintiff not pled the essential elements of any of these causes of action, he is incapable of proving an essential element of the claims.

**B.  Municipal Liability**

In order to establish liability under 42 U.S.C. § 1983 against a governmental entity, a plaintiff must clear two hurdles.  First, the plaintiff must prove an underlying

7

constitutional violation. Second, the plaintiff must prove a custom or policy that was a "moving force" in causing the constitutional violation. *See Gregory v. Shelby County*, 220 F.3d 433, 442 (6th Cir. 2000). Not only does the complaint fail to state any allegations against Jonesborough, rendering it defective for failing to state a claim upon which relief can be granted under Rule 12(b)(6), as noted above, plaintiff cannot prove a constitutional violation in the first instance. The Sixth Circuit has clearly held that a municipal corporation may not be held liable where the conduct of an individual defendant officer/employee did not result in a constitutional violation. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001.

### C. Jonesborough Public Safety Department

The Town of Jonesborough asserts that the Jonesborough Public Safety Department is not a suable entity and should be dismissed since the Town of Jonesborough is a named party. The Town of Jonesborough is correct. *See Mineer v. Fleming County*, 50 F.3d 10 (Table) (6th Cir. 1995) (citing *Haverstick Enters., Inc. v. Financial Fed. Credit, Inc*., 32 F.3d at 989 (6th Cir. 1994)).

### D. Plaintiff's State Law Claim For Libel

To plead a case of libel, the plaintiff must allege that (1) a defamatory communication was made to a third person, (2) with knowledge that the communication was false or made with reckless disregard for the truth or negligence in failing to ascertain the truth of the statements. *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999). Plaintiff's only claim that could even be characterized as a factual claim here is that Sergent made a "fallacious" communication to the Johnson City Press newspaper. This conclusory statement falls far short of the requirement that plaintiff plead, either directly or inferentially,

8

allegations with respect to all material elements of the claim and does not state a plausible claim for relief.

## V. Conclusion

For the reasons set forth herein, the motions of the defendants to dismiss and/or for summary judgment, [Docs. 13, 16], will be GRANTED and plaintiff's complaint, [Doc. 1], will be DISMISSED WITH PREJUDICE.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE

9

Case 2:11-cv-00086-JRG-DHI   Document 19   Filed 07/11/13   Page 9 of 9   PageID #: 71